IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| YVONNE WALKER, VICKI SUMMERHILL ROSEMARIE CONRICK, KESHA WINNINGHAM, A. DAWN EDWARDS, and JULIE SULLINS,<br><br>Plaintiffs,<br><br>v.<br><br>RIETH-RILEY CONSTRUCTION COMPANY,<br><br>Defendant. | No. 2:03-CV-507 PS |

## OPINION AND ORDER

This matter is before the Court on Defendant Rieth Riley Construction Company's ("Rieth-Riley") Motion for Partial Judgment on the Pleadings. [Doc. 29]. The Plaintiffs have not responded to Rieth-Riley's motion.

The Plaintiffs, all former Rieth-Riley employees brought a seven-count Amended Complaint against Rieth-Riley alleging employment discrimination and breach of contract. Rieth Riley's motion pertains only to Count VII, the breach of contract claim. Because the employee handbook upon which the Plaintiffs base Count VII does not constitute an employment contract, Rieth-Riley's motion is **GRANTED**.

### I. BACKGROUND

The Plaintiffs are all former employees of Defendant Rieth-Riley who were hired between 1996 and 2000. Plaintiff Vickie Summerhill worked in the satellite office located in Valporaiso, Indiana, while all other Plaintiffs worked in the Calument Region office.

For a variety of stated reasons – obviously disputed by the parties, but not relevant to the

1

issue before the Court – Rieth-Riley terminated the Plaintiffs' employment.  First, on January 9, 2003, Rieth-Riley fired Kesha Winningham, Julie Sullins, and A. Dawn Edwards.  Second, on May 2, 2003, Rieth-Riley fired Yvonne Walker, Rosemarie Conrick and Summerhill.

The Plaintiffs subsequently filed suit against Rieth-Riley asserting various claims of employment discrimination and breach of contract.  In support of Count VII , their breach of contract claim, the Plaintiffs alleged that Rieth-Riley required them to sign a document entitled "Selected Work Rules and Policies" (the "Handbook") as a condition of their employment.  The Plaintiffs further alleged that Rieth Riley breached the following sections of the Handbook:

1. "Sexual and Other Unlawful Harassment;"

2. "Training Programs;"

3. "Equal Employment Opportunity Policy;"

4. "Compensation Information;" and

5. the "Code of Conduct Policy"

The Plaintiffs attached these sections of the Handbook as Exhibit B to their Amended Complaint.[1]

Subsequently, Rieth-Riley provided the Court with a complete copy of the Handbook.  In addition to those provisions cited by the Plaintiffs, the Handbook contains the following Notice:

> The Selected Work Rules and Policies discussed herein ***are not intended to create, nor should it be construed as creating, a contract of employment between Rieth-Rileey and its employees***.

---

[1] We note that Plaintiffs have not cited to any section of the Handbook governing termination procedure or creating a progressive discipline policy.  Instead, apparently, the Plaintiffs base their claim on Rieth-Riley's failure to enforce the various provisions of the Handbook.

>Employment with Rieth-Riley is at-will, and may be terminated by you or Rieth-Riley at any time and for any reason.
>
>Rieth-Riley reserves the right to amend, change, modify, etc., its work rules and policies at any time and without notice.

(Def. Ex. A) (emphasis added).

## II. Discussion

Motions for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) are governed by the same standard as motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Gustafason v. Jones*, 117 F. 3d 1015, 1017 (7th Cir. 1997).  Thus, the Court will only grant a Rule 12(c) motion if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F. 3d 449, 452 (7th Cir. 1998).  The Court shall view the facts in the light most favorable to the nonmoving party. *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F. 3d 1112, 1114 (7th Cir. 1995). However the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *R.J.R. Serv. Inc. v. Aetna Cas. & Sur. Co.,* 895 F. 2d 279, 281 (7th Cir. 1989).

The Plaintiffs have not responded to Rieth-Riley's Motion.  We will, nevertheless, decide Rieth-Riley's motion on the merits without the aid of a response.  *See Bolt v. Loy,* 227 F.3d 854, 856 (7th Cir. 2000) (indicating that failure to respond to a motion to dismiss does not necessarily imply that plaintiff has abandoned the lawsuit; plaintiff may have been careless or thought the motion so lacking in merit that no response was required).

Fed. R. Civ. P. 12(c) permits a party to move for judgment after the parties have filed the complaint and answer, but limits the Court's consideration to those matters contained in the

3

pleadings.  *See Alexander v. City of Chicago*, 994 F. 2d 333, 336 (7th Cir. 1993).  The pleadings include the complaint, the answer, any written instruments attached as exhibits.  Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."); *see, e.g., Warzon v. Drew*, 60 F. 3d 1237 (7th Cir. 1995) (stating that exhibits attached to the complaint are incorporated into the pleading for purposes of Rule 12(c) motions).  However, an exception to the general rule is that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *Lincoln Nat. Life Ins. Co. v. Donaldson, Lufkin & Jenrette Securities Corp.,* 9 F. Supp. 2d 994, 997 (N.D. Ind. 1998) (internal quotation omitted).  Moreover, "[p]laintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.  *Id.*; *James v. Heartland Health Servs.*, 2005 WL 678732 at * 6 (N.D. Ill. Jan. 28, 2005) ("A Court may, however, consider as part of the pleadings, any documents attached to a motion to dismiss that are referred to in a complaint and central to the plaintiff's claim.").  Here,  the Plaintiffs attached portions of the Handbook as an exhibit to their complaint and repeatedly refer to that Handbook throughout Count VII.  Accordingly, the Court shall consider the entirety of the Handbook in its analysis.

"It is well-settled in Indiana that employment manuals do not create employment contracts, and it is clear that Indiana courts will seldom stray from the employment-at-will doctrine."  *Macken v. St. Mary's Med. Ctr. of Evansville, Inc.*, 2003 WL 21510534 at *7 (S.D. Ind. June 26, 2003) (citing *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997)).  This is particularly true where the employment manual contains a disclaimer stating that the manual does not create a contract between the employer and the employee.  *Workman v.*

*United Parcel Service, Inc.*, 234 F. 3d 998, 1000  (7th Cir. 2000) (holding that a "a clear and forthright disclaimer" such as one stating that  "this policy book is not a contract of employment and does not affect your rights as an employee" is "a complete defense to a suit for breach of contract based on an employee handbook"); *Orr*, 689 N.E. 2d at 721.

In this case, the Handbook contained a clear and forthright disclaimer which provided:

> ***The Selected Work Rules and Policies discussed herein are not intended to create, nor should it  be construed as creating, a contract of employment between Rieth-Riley and its employees.*** Employment with Rieth-Riley is at-will, and may be terminated by your or Rieth-Riley at any time and for any reason.
>
> Rieth-Riley reserves the right to amend, change, modify, etc., its work rules and policies at any time and without notice.

(Def. Ex. A) (emphasis added).  This disclaimer could not be more clear.  It is located at the front of the handbook and is separated from other text to make it obvious.  The language used in the disclaimer is straight-forward and easy to understand stating simply that it is not an employment contract.  Moreover, the Plaintiffs asserted in their complaint that they signed the Handbook as a condition of their employment.  Accordingly, they cannot claim to be ignorant of the disclaimer.  The disclaimer is a complete defense to the Plaintiffs' breach of contract claim.  Accordingly, Rieth-Riley's Partial Motion for Judgment on the Pleadings is **GRANTED.**

### III. CONCLUSION

Because the Handbook contains a clear disclaimer that it is not an employment contract, Rieth-Riley has a complete defense to Count VII of the Amended Complaint.  Accordingly, Rieth-Riley's Partial Motion for Judgment on the Pleadings [Doc. 29] is **GRANTED**.  Count VII of Plaintiffs' Amended Complaint is DISMISSED.  All other claims in the Plaintiffs' Amended Complaint remain pending.

**SO ORDERED.**

ENTERED: July 25, 2005

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT