UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| YVONNE WALKER, VICKI SUMMERHILL, ROSEMARIE CONRICK, KESHA WINNINGHAM, A. DAWN EDWARDS and JULIE SULLINS, | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 2:03-CV-507 PS |
| REITH-RILEY CONSTRUCTION CO., INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiffs Yvonne Walker, Vicki Summerhill, Rosemarie Conrick, Kesha Winningham, A. Dawn Edwards and Julie Sullins bring this action against their former employer, Defendant Reith Riley Construction Co., Inc. ("Reith –Riley"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) *et seq*., and breach of contract. Because the employee handbook on which the Plaintiffs base their breach of contract claims did not constitute a valid contract, the Court granted Reith-Riley's motion for partial judgment on the pleadings on July 25, 2005. [Doc. 35]. On December 12, 2005, Reith-Riley filed its Motion for Summary Judgment [Doc. 41] which is currently before the Court. Plaintiffs did not respond to the motion. For the reasons that follow, the Motion for Summary Judgment is granted.

**BACKGROUND**

The Plaintiffs in this action are all female, former employees of Defendant Reith-Riley, an Indiana construction company. Plaintiff Vicki Summerhill worked in Reith-Riley's Valparaiso, Indiana facility, while the rest of the Plaintiffs worked in the Calumet Region office. (Compl. ¶ 2). Plaintiffs were all employed in a variety of clerical and administrative positions.

In May of 2003, Reith-Riley learned that on multiple occasions, Plaintiffs Summerhill, Walker and Conrick each accessed confidential payroll information stored on Reith-Riley's computer system. (Defendant's Ex. A ¶ 4). There was no business related reason for the Plaintiffs to access this information. (Defendant's Ex. A ¶ 4). Therefore, Reith-Riley determined that Summerhill, Walker and Conrick had each violated Reith-Riley's Code of Conduct and Electronic Communications and Computer Policy. (Defendant's Ex. A ¶ 5). A subsequent investigation by Reith-Riley indicated that no male employee had committed a similar violation. (Defendant's Ex. A ¶ 7). Reith-Riley terminated Summerhill, Walker and Conrick on May 2, 2003, citing this violation as the reason for termination. (Defendant's Ex. A ¶ 6).

Plaintiffs Sullins and Winningham were terminated on January 9, 2003. (Defendant's Ex. A ¶ 8). Rieth-Riley asserts that their termination was part of a general, cost-reduction effort. (Defendant's Ex. A ¶ 8). After their termination, their accounts payable positions were combined into a single position, which was filled by another female employee. (Defendant's Ex. A ¶ 9).

As a part of this cost-reduction effort, Reith-Riley also terminated Plaintiff Edwards on January 9, 2003. (Defendant's Ex. A ¶ 10). However, Reith-Riley asserts that Edwards had also

2

previously been counseled about various performance problems, including lack of professionalism on the telephone. (Defendant's Ex. A ¶ 10). After Edwards failed to improve her performance, Rieth-Riley made the decision to terminate her as part of the cost-reduction effort. (Defendant's Ex. A ¶ 10).

On March 29, 2004, all six Plaintiffs filed suit against Reith-Riley, alleging that their termination was a result of gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) *et seq*., and breach of contract. [Doc. 4]. After Plaintiffs failed to submit any response to Defendant's motion for partial judgment on the pleadings, the Court granted the motion on July 25, 2005, holding that the employee handbook on which Plaintiffs' based their breach of contract claims did not constitute a valid contract. [Doc. 35]. On September 1, 2005, Reith-Riley submitted a Request for Admissions to each individual plaintiff. (Defendant's Ex. B, C, D, E, F, and G). The requests to Plaintiffs Summerhill, Walker and Conrick asked each Plaintiff to admit that: (1) she used the Reith-Riley computer system to access and review payroll information concerning other Reith-Riley employees; (2) that she was terminated for those reasons; (3) that there was no other male who accessed confidential payroll information through the Reith-Riley computer system, and (4) that she was not discriminated against by Reith-Riley on account of gender. (Defendant's Ex. B ¶¶ 1-5; Ex. C ¶¶ 1-5; Ex. D ¶¶ 1-5). The requests to Plaintiff Sullins asked her to admit that: (1) after she was terminated, her position was combined with another position to create a wholly new position at Reith-Riley; (2) no similarly situated male employees were treated more favorably than the Plaintiff; (3) she was not discriminated against on the basis of gender when her position was terminated. (Defendant's Ex. E ¶¶ 5, 6, 8). Similarly, the requests to Plaintiffs Winningham and Edwards asked each Plaintiff to admit that: (1) she could not identify any similarly situated employee treated more

3

favorably than the Plaintiff; (2) she was not terminated on the basis of her gender. (Defendant's Ex. F ¶¶ 4, 5; Defendant's Ex. G ¶¶ 9, 11). Pursuant to Federal Rules of Civil Procedure 6 and 36, the Plaintiff's responses were due on or before October 4, 2005. None of the Plaintiffs made any response to the Requests for Admission. As a result, on November 29, 2005, Magistrate Judge Paul Cherry ordered each Request for Admission served by the Defendant to be deemed admitted. [Doc. 39].

Rieth-Riley filed its Motion for Summary Judgment on December 12, 2005. True to their usual pattern, Plaintiffs have failed to submit any sort of response.

## DISCUSSION

### I. STANDARD OF REVIEW

#### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby*, 447 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In making this decision, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party. *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999). The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case on which that party will bear the burden of proof at trial.

### B.   Local Rule 56.1

Local Rule 56.1 sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party, and because Plaintiffs have not responded to the Defendant's summary judgment motion, it comes into play here. Local Rule 56.1 directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing a summary judgment motion must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *Id.* The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion." N.D. Ind. L.R. 56.1(b); *see also Thiele v. Norfolk & Western Ry. Co.*, 873 F. Supp. 1240, 1243 (N.D. Ind. 1994).

In this case, given that the Plaintiffs have not filed any response to the Defendant's motion or disputed any of the facts set forth in the Defendant's Statement of Material Facts despite being given ample opportunity to do so, the Defendant's allegations in its Rule 56.1

5

Statement of Material Facts are deemed admitted unless they are unsupported by the evidence or contradict each other.  *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[w]e have consistently held that a failure to respond by the nonmovant as required by local rules results in an admission"); *Michas v. Health Cost Controls of Ill., Inc.* 209 F.3d 687, 689 (7th Cir. 2000) (same).

Nevertheless, even where an opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only "*if appropriate* - that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law." *P.S. Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (quoting *Tobey v. Extel/JWP, Inc.* 985, F.2d 330, 332 (7th Cir. 1993)) (emphasis supplied).  Thus, even where all of the material facts are undisputed, the court still must ascertain that judgment is proper "as a matter of governing law." *Id.*  (citations omitted).  For this reason, the court must still analyze each of Plaintiff's claims to determine whether judgment is proper.

### C. Defendant's Request for Admissions

In addition to failing to respond to Reith-Riley's motion for summary judgment, each Plaintiff has also failed to respond to Reith-Riley's Requests for Admission. Accordingly, the Court deemed these requests admitted on November 29, 2005, pursuant to Rule 36 of the Federal Rules of Civil Procedure. [Doc. 39].  *See also* Fed. R. Civ. P. 36(a) (stating that once a request for admission is served, "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow . . . the party to whom the request is directed serves upon the party a written answer or objection addressed to the matter . . . ."). Admissions made pursuant to Rule 36, including default admissions, are considered to be "conclusively established," and may serve as the factual predicate for summary judgment.

*McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Once an admission is made, it must be given preclusive effect, even if the result is to deprive the parties of the opportunity to contest the facts of the case. *Mangialardi*, 337 F.3d at 788; *Kasuboski,* 834 F.2d at 1350. While harsh, this result is necessary to insure the orderly disposition of cases. *Kasuboski*, 834 F.2d at 1350 (noting that the function of Rule 36, which "allows parties to narrow the issues to be resolved at trial by effectively identifying and elimination those matters on which the parties agree," would be lost if parties "were permitted to contest under Rule 56 a matter concluded under Rule 36"). The harshness is also tempered by the fact that parties may file a motion to withdraw admissions prior to the grant of summary judgment. *Kalis v. Colgate Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (noting that the proper procedure to attempt to withdraw default admissions is a motion under Rule 36(b)) (citing *Kasuboski*, 834 F.2d at 1350). Here, the plaintiffs have made no attempt to withdraw any of the admissions made. Therefore, the Court will treat each of the Plaintiffs' admissions as a conclusively established fact.

## II.  SEX DISCRIMINATION CLAIMS

Plaintiffs allege that they were terminated because of their sex, or alternatively, in retaliation for the complaints the plaintiffs made at various times regarding what they felt was discriminatory application of Reith-Riley's various employment policies. Plaintiff Sullins additionally asserts that she was terminated as a result of her pregnancy.

Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). In

addition to direct discrimination, it is similarly unlawful for an employer to retaliate against any individual who complains or speaks out about the employers unlawful employment practices.  42 U.S.C. § 2000e-3(a).  For the purposes of Title VII, sex discrimination also includes discrimination on the basis of "pregnancy, childbirth, or related medical conditions."  42 U.S.C. § 2000e(k).  Essentially, pregnant employees must receive the same treatment as any other employees affected by a short-term disability.  42 U.S.C. § 2000e(k); *see also Ameritech Benefit Plan Comm. v. Communication Workers of America*, 220 F.3d 814, 817 (7th Cir.2000).

To prevail on a gender discrimination or retaliation claim, such as the ones presented here, a plaintiff must establish that she is the victim of intentional discrimination.  *See Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 982 (7th Cir. 1999).  She may establish discrimination through either "direct" or "indirect" proof.  *Id.*  In this case, the Plaintiffs have presented no direct proof of discrimination.  Therefore, the Court will analyze their claims under the "indirect" method of proof established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Under the *McDonnell Douglas* framework, to defeat a motion for summary judgment in a case arising under Title VII, a plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) that she was treated less favorably than one or more similarly situated employees outside of her protected class.  *Rhodes v. Illinois Dept. of Transportation*, 359 F.3d 498, 504 (7th Cir. 2004) (citing *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002)).  If a plaintiff establishes a *prima facie* case, then the burden shifts to the employer to present evidence of a legitimate, non-discriminatory reason for the adverse employment action.  *Id.*  If such reason is supplied, then the employee must show that the stated reason is merely a pretext for unlawful discrimination.  *Id.*  To show that stated reason

8

was pretextual, a plaintiff must show that the reason was only offered by the employer to "cover their tracks," and that discrimination was the more likely cause for termination. *Clay v. Holy Cross Hospital*, 253 F.3d 1000, 1005 (7th Cir. 2001). A reason might be "mistaken, ill considered or foolish," but as so long as it reflects the honest belief of the employer, it is legitimate. *Id*. (citations omitted).

Using the *McDonnell Douglas* framework, it is clear that none of the Plaintiffs have established a *prima facie* case of discrimination. All of the Plaintiffs are members of a protected class (women), and all suffered an adverse employment action when they were terminated. Despite some negative comments regarding Edwards' lack of professionalism on the telephone, it also appears that all of the Plaintiffs were performing their jobs in a satisfactory manner. However, in their failure to respond to Reith-Riley's Requests for Admission, each Plaintiff admitted that she was not treated more or less favorably than any similarly situated male Reith-Riley employee. In the case of Plaintiffs Summerhill, Walker and Conrick, each admits that no other male employees accessed confidential payroll information through the Reith-Riley computer system. (Defendant's Ex. B ¶¶ 4, 5 (Vicki Summerhill); Ex. C ¶¶ 4, 5 (Yvonne Walker); Ex. D ¶¶ 4 (Rosemarie Conrick). Plaintiffs Sullins, Winningham and Edwards similarly admit that they cannot identify a similarly situated male Reith-Riley employee who received more favorable treatment than the Plaintiffs. (Defendant's Ex. E ¶ 6 (Julie Sullins); Ex. F ¶ 4 (A. Dawn Edwards); Ex. G ¶ 11 (Kesha Winningham). Plaintiff Sullins further admits that she has no facts to support her claim that she was discriminated against as a result of her pregnancy. (Defendant's Ex. E ¶ 9). Because Plaintiffs have not shown that they were treated less favorably than any similarly situated male employees, they have not established a *prima facie case* of gender discrimination.

9

However, even if the Plaintiffs had established a prima facie case of discrimination, Reith-Riley has articulated a legitimate, non-discriminatory, non-pretextual reason for the termination of each Plaintiff. As established in Reith-Riley's uncontested Statement of Material Facts and the affidavit of Reith-Riley employee Juliann Sprazynski, Plaintiffs Summerhill, Walker and Conrick were each terminated after they repeatedly accessed confidential company payroll information in violation of Reith-Riley's Code of Conduct and Electronic Communications and Computers Policy. (Defendant's Ex. A ¶¶ 4-6). Plaintiffs Sullins, Winningham and Edwards were terminated as part of a general cost-reduction effort. (Defendant's Ex. A ¶¶ 8-11). None of the Plaintiffs have made any sort of showing that these stated reasons for termination were pretextual, or that illegal discrimination was the true motive for termination.[1] Accordingly, the Plaintiffs cannot prove discrimination under the *McDonnell Douglas* framework.

Finally, in addition to the fact that none of the Plaintiffs have established a *prima facie* case of discrimination, or made any showing that Reith-Riley's stated reasons for termination were pretextual, in their failure to respond to Defendant's requests for admission, each Plaintiff has also admitted that she was not discriminated against on account of her gender. (Defendant's Ex. B ¶ 3; Ex. C ¶¶ 3, 6; Ex. D ¶¶ 3, 5; Ex. E ¶¶ 4, 5; Ex. F. ¶¶ 3, 5, 6; Ex. G ¶¶ 9, 10). Thus, by the Plaintiffs' own admissions, their claims for gender discrimination cannot stand.

---

[1] In their Complaint, Plaintiffs Walker, Summerhill and Conrick allege that they were really terminated because "Doug Robinson, the head of the Calumet office of defendant, was agitated and measurably distraught that Barbara Chapman and certain others had found out that he was grossly over-paying Tammy Sliwa [his secretary] at a pay rate that was totally incompatible with her meager level of skills, experience, training and ability." (Compl. ¶ 7). In her breach of contract claim, Edwards asserts that "they wanted to get rid of her because Tammy simply did not like her." (Compl. ¶ 53). Even if true, these reasons are still legitimate, non-discriminatory reasons for the termination of Walker, Summerhill, Conrick and Edwards.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Doc. 41] is **GRANTED**.

**SO ORDERED**.

ENTERED: February 27, 2006

                                            S/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT