UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| YVONNE WALKER, VICKI SUMMERHILL, ROSEMARIE CONRICK, KESHA WASHINGTON, A. DAWN EDWARDS, and JULIE SULLINS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:03-CV-507 PS |
| RIETH-RILEY CONSTRUCTION CO, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER AND OPINION

Attorney H. Nasif Mahmoud filed an employment discrimination lawsuit against Rieth-Riley Construction and then did next to nothing. Predictably, Rieth-Riley prevailed on summary judgment and is upset that they had to expend funds defending a lawsuit that they say had no merit. They want to be compensated for their trouble and have brought the present motion for sanctions. [Doc. 46] The motion is **GRANTED**, in part.

**Factual Background**

On December 1, 2003, Attorney Mahmoud filed a complaint against Defendant Rieth-Riley Construction Company and entered an appearance on behalf of Yvonne Walker, Vicki Summerhill, Rosemarie Conrick, Kesha Winningham, Dawn Edwards, and Julie Sullins. [Doc. 1.] The complaint alleged that Defendant engaged in a pattern of gender discrimination against the various plaintiffs. [Doc.1.] Almost four months later, Attorney Mahmoud caused a summons to be issued against Defendant. [Doc. 3.] That same day (March 28, 2004), Attorney Mahmoud

1

filed an amended complaint on behalf of the plaintiffs. [Doc. 4.] At a scheduled telephone conference on June 10, 2004, Attorney Mahmoud appeared before Magistrate Judge Cherry and informed the Court that he was still attempting to complete service on the Defendant. [Doc. 7.]

On August 4, 2006, a clerk's notice was sent to Attorney Mahmoud pursuant to Federal Rule of Civil Procedure 4(m), providing Attorney Mahmoud until August 16, 2004, to effect service on Defendant. [Doc. 8.] The Court subsequently initiated a telephonic status conference on September 2, 2004, but Attorney Mahmoud could not be reached. Accordingly, Attorney Mahmoud's co-counsel, MacArthur Drake, Sr., was contacted and participated in the conference call, but he was unable to advise the Court of the status of service on Defendant. [Doc. 9.]

On September 3, 2004, Attorney Mahmoud contacted the clerk's office and informed it that he had effected service on Defendant. Shortly thereafter, Defendant filed a Motion to Dismiss for insufficiency of process. Almost two months later, Attorney Mahmoud filed his tardy response to Defendant's motion to dismiss. This Court then found that service was not properly effected on the Defendant and service of process was quashed. [Doc. 24.] Attorney Mahmoud obtained a another summons and properly served Defendant with a copy of the Amended Complaint. Defendant then filed both an answer to the Amended Complaint and a motion for judgment on the pleadings with respect to Count IV of the Amended Complaint. [Doc. 28, 29.] Attorney Mahmoud did not file a response to Defendant's motion for judgment on the pleadings, and this Court ultimately granted the motion.

On July 26, 2005, the parties, through their respective counsel, filed a proposed Rule 26(f) Report with the Court and then appeared before Magistrate Judge Cherry on their Rule 16 Preliminary Pretrial Conference. [Docs. 35, 37.] The parties exchanged their respective Rule 26

2

disclosures [Doc. 47-2 at pp. 17-18.], and Defendant served various requests to admit on the plaintiffs [Doc. 38]. Because Attorney Mahmoud did not answer the requests to admit on behalf of his clients, Defendant moved to deem the facts admitted; this motion was granted by the Court on November 29, 2005. [Doc. 39.]   The Defendant filed a summary judgment motion on December 12, 2005. Not surprisingly, Attorney Mahmoud did not file a response in opposition to this motion. [Doc. 41.] This Court granted Defendant's motion for summary and entered judgment in favor of Defendant. [Doc. 44.] After the entry of judgment, Defendant filed the Motion for Sanctions which is the subject of the present order.

## Discussion

Any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees incurred because of such conduct." 28 U.S.C. § 1927. Under § 1927, if the positions or actions taken by the lawyer had an objectively colorable basis, then sanctions are appropriate only if the lawyer acted with subjective bad faith. *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir.1985); *see also, Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993) (internal citations omitted). Put another way, when an attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Kapco Mfg. Co., Inc. v. C&O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989). The standard for objective bad faith does not require a finding of malice or ill will. Recklessness or indifference to the law, *Dal Pozzo v. Basic Machinery Co., Inc.* 463 F.3d 609, 614 (7th Cir. 2006), or extraordinary or extreme negligent conduct may also constitute bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181 (7th Cir. 1992).

3

Of particular relevance to the case at hand is the rule that an attorney has a continuing duty to dismiss any claims that are no longer viable, and an unreasonable failure to do so may result in §1927 sanctions. *Burda*, 2 F.3d at 778. When an attorney maintains a case for no other purpose than to extract a nuisance-value settlement, a court can properly find that the attorney acted with improper motive and bad faith within the meaning of § 1927. *Edwards v. General Motors Corp.*, 153 F.3d 242, 246-47 (5th Cir. 1998). Sanctions may also be appropriate for an attorney's improper procedural conduct in other contexts, when such conduct was the result of bad faith, recklessness, indifference or extreme negligence. *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226, n.1 (7th Cir. 1984). For instance, a court may find that an attorney unreasonably and vexatiously multiplied proceedings by failing to appear at a scheduled hearing with a necessary witness, *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 291-92 (5th Cir. 2002), or insisting upon serving a defendant even though plaintiff should have known that "a Rule 4(j) dismissal would operate to foreclose all plaintiff's federal claims." *Ordower v. Fledman*, 826 F.2d 1569 (7th Cir. 1987). As noted by the Seventh Circuit, "[p]laying ostrich to avoid compliance with ... rules and court orders constitutes indifference for these rules and orders, and, even if not intentional, such indifference goes beyond ordinary negligence." *Kotsilieris*, 966 F.2d at 1185.

In sum, a district court "has discretion to impose § 1927 sanctions when an attorney acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice,' pursued a claim that is 'without plausible legal or factual basis and lacking in justification," or 'pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435

4

F.3d 717, 720 (7th Cir. 2006) (internal citations omitted).

The sole purpose of awarding sanctions under § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create the unnecessary costs also bear them. *Kapco*, 886 F.2d at 1491.  The statute allows only for the recoupment of excess costs and fees caused by such bad faith conduct, not the costs and fees that are inherent to all litigation. Accordingly, this Court must answer two questions when ruling on the merits of Defendant's motion: first, whether Attorney Mahmoud's conduct in this case was unreasonable and vexatious, and second, whether any excess costs can be attributed to Attorney Mahmoud's unreasonable and vexatious conduct.

After reviewing the facts and history of the present case, this Court shares Defendant's frustration with Attorney Mahmoud's handling of the prosecution of plaintiffs' claims. Regardless of Attorney Mahmoud's fee arrangement with his clients, he had an obligation to both this Court and his opposing counsel to diligently prosecute the plaintiffs' claims.  If he was having difficulty with his clients, Attorney Mahmoud should have informed the Court and either sought appropriate relief from this Court (e.g., requesting leave to withdraw as counsel of record or temporary stay of the proceedings) or, at the very least, contacted opposing counsel to advise them of the reasons for any delays.  The unacceptable route, and unfortunately, the route chosen by Attorney Mahmoud, is to file a case and let it linger on the docket without taking any significant action to progress the case on its merits.  Attorney Mahmoud did nothing of substance in this case other than untimely responding to Defendant's motion to dismiss, taking part in the Rule 16 pretrial conference, and making his clients' initial Rule 26 disclosures.  This Court does not believe that Attorney Mahmoud attempted to materially advance this case on the merits;

indeed, conspicuously absent from the record is any hint of even a meandering through the discovery process or preparation of this case for trial by Attorney Mahmoud.

That being said, the record before this Court does not establish that Attorney Mahmoud's slipshod approach at litigating the present case prior to October 4, 2005[1], rises to the level of unreasonable or vexatious conduct within the meaning of § 1927. Nothing in the record suggests that prior to October 4, 2005, Attorney Mahmoud had any reason to believe that the claims raised in the Amended Complaint lacked any plausible legal or factual basis. Furthermore, Attorney Mahmoud's failure to engage in the discovery process or respond in opposition to the Defendant's motions is not the type of conduct that § 1927 is intended to deter. Finally, this Court does not believe that any of Attorney Mahmoud's conduct prior to October 4, 2005, subjected Defendant to any *excess* costs, as required under § 1927. In many ways, his failure to propound discovery and respond to the motion for judgment on the pleadings actually held down Defendant's expenses. For this reason, Defendant's requests for (a) $6705.50 in fees relating to service issues, (b) $2599.00 in fees relating to the motion for partial judgment on the pleadings, (c) $3117.00 in fees relating to discovery, and (d) $782 in fees relating to the motion to deem facts admitted, are denied.

While the majority of Attorney Mahmoud's conduct is not sanctionable under § 1927, Attorney Mahmoud's failure to dismiss the action after October 4, 2005, is another story. On September 1, 2005, Defendant served each of the plaintiffs with requests to admit. Attorney Mahmoud did not answer these requests within 30 days, so the matters in the requests were

---

[1]Plaintiffs' answers to Defendant's requests for admission were due on October 4, 2005. [Doc. 38, 39.]

"conclusively established."[2]  Fed.. R. Civ. Proc. 36(c)-(d).  At that point, Attorney Mahmoud should have recognized that his clients' claims were no longer factually or legally viable.  Nonetheless, Attorney Mahmoud chose to maintain the action against Defendant.  Defendant was then forced to expend funds preparing and filing a summary judgment motion – a motion that Attorney Mahmoud should have known was bound to succeed.   Attorney Mahmoud must have recognized that the case was a lost cause because he never responded to the summary judgment motion.

Throughout the pendency of the lawsuit, Attorney Mahmoud has shown an alarming lack of concern for this Court's rules and procedures.  Attorney Mahmoud took almost a year to properly effect service on Defendant, and he failed to appear for a telephonic hearing before this Court regarding his service of the complaint.  Attorney Mahmoud never responded to Defendant's motion for judgment on the pleadings, and he belatedly filed a response to Defendant's motion to dismiss without seeking leave from this Court to do so.  Attorney Mahmoud never answered any of the discovery issued to his clients, and he never propounded any discovery to Defendant.  While this conduct, without more, does not provide a sufficient basis for the Court to sanction Attorney Mahmoud under § 1927, it does evidence Attorney

---

[2]Defendant asks this Court to sanction Attorney Mahmoud for the excess costs associated with its preparation of the Verified Motion to Deem Requests for Admission Admitted.  (See Doc. 47 at p. 9.)  In light of the self-executing nature of Requests for Admission under Federal Rule 36, this Court believes that Defendant's motion was unnecessary and thereby not taxable as an "excess cost" under § 1927.  *See Lawson v. Diehl Machines, Inc.*, 1999 WL 325064, *3 (N.D.Ind. 1999) (Rule 36 is self-executing, meaning that no court intervention is required for an admission to be established); *Honor Plastic Indus. Co. v. Lollicup USA, Inc.,*  2007 WL 173772, *3 (E.D.Cal. 2007) (failure to timely respond to requests for admissions results in automatic admission of the matters requested; no motion to establish the admissions is necessary because Rule 36(a) is self executing).

Mahmoud's apparent lack of concern for abiding by this Court's rules.

Attorney Mahmoud's conduct after October 4, 2005, though, clearly rises to the level of sanctionable conduct within the scope of § 1927. Moreover, Attorney Mahmoud's disregard and general neglect of the Court's rules prior to October 5, 2005, unequivocally establishes that this later conduct was not the result of some oversight or mistake. Attorney Mahmoud plainly should have known that his clients' case was bound to fail after he did not file answers to Defendant's requests to admit within 30 days. Despite this knowledge, Attorney Mahmoud did not dismiss the case. The Court subsequently granted Defendant's motion to deem the facts admitted, thus providing Attorney Mahmoud with yet another reminder that his case was bound to fail. Still, he did not dismiss the case.

This Court has no choice but to conclude that Attorney Mahmoud's decision to continue to pursue the claim was objectively unreasonable because a reasonably careful attorney would have known that such an action was unsound and lacked any legitimate basis. *In re TCI Ltd*, 769 F.2d at 445 ("dogged pursuit of a colorable claim becomes actionable bad faith once the attorney learns (or should have learned) that the claim is bound to fail"). It is this type of indifference or recklessness that § 1927 was enacted to prevent. *Kotsilieris*, 966 F.2d at 1185 ("avoid[ing] compliance with ... rules and court orders constitutes indifference for these rules and orders, and, even if not intentional, such indifference goes beyond ordinary negligence.") For this reason, the Court finds that Attorney Mahmoud unreasonably and vexatiously multiplied these proceedings and caused Defendant $4669.00[3] in excess fees and costs – the funds expended to file the

---

[3] In his Opposition, Attorney Mahmoud does not contest the reasonableness of the $4669.00 in fees claimed by Defendant, so this Court presumes that the amount is fair and reasonable for the claimed services.

8

summary judgment motion.  This sum must be satisfied personally by Attorney Mahmoud.

Defendant also requests this Court sanction Attorney McArthur Drake pursuant to § 1927.  Though Attorney Drake does have an obligation to this Court and the other counsel when acting as local counsel, *Hapaniewski v. City of Chicago Heights*, 684 F.Supp. 1011 (N.D. Ind. 1988), this Court does not find sufficient evidence on this record to support a finding that Attorney Drake unreasonably and vexatiously multiplied the proceedings within the meaning of § 1927.  Accordingly, to the extent that Defendant's Motion for Sanctions seeks any fees or expenses from Attorney Drake, the motion is denied.

## Conclusion

For the reasons state above, Defendant's Motion for Sanctions is **GRANTED**, in part, and pursuant to 28 U.S.C. § 1927, the Court **ORDERS** plaintiffs' counsel, Attorney H. Nasif Mahmoud, to reimburse Rieth-Riley Construction Co. within thirty days of this order for attorneys fees incurred by the company in the sum of $4669.00.

**SO ORDERED**

**ENTERED:** February 16, 2007

                                        s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT